NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0841n.06

No. 12-6546

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 19, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| THOMAS GOODEN, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Thomas Gooden pointed a loaded 9mm pistol at his girlfriend, Sheilah Ebron, and threatened to shoot her if she did not comply with his demands. He later pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In calculating Gooden's Guidelines range, the district court applied a cross-reference for aggravated assault under § 2A2.2 of the Guidelines. That section of the Guidelines defines aggravated assault as "assault that involved [] a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon[.]" We review application of the cross reference de novo. *See United States v. Brika*, 487 F.3d 450, 454 (6th Cir. 2007).

It was the government's burden to prove by a preponderance of the evidence that Gooden had the intent required by § 2A2.2. *See United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010).

Gooden now argues that the government failed to prove such intent here, and instead showed merely that he tried to frighten Ebron when he pointed the pistol at her.

We infer a defendant's intent from "the totality of circumstances." *United States v. Al-Zubaidy*, 283 F.3d 804, 809 (6th Cir. 2002) (citation omitted). Here, the following facts are undisputed: Gooden was enraged at Ebron at the time of the subject incident. He threw a fan against the wall and punched Ebron in the mouth before finding the pistol under her pillow. He pointed the pistol at her and told her not to move or else he would shoot her. He punched a hole in the door of her 10-year-old son's room, found the son in the bathroom, hit the son in the chest, pointed the gun at him, and threatened to pistol-whip him. When Ebron stepped into the hallway to investigate, Gooden pointed the pistol at her and told her he would shoot her if she did not sit down.

This evidence was sufficient for the district court to find that Gooden intended to shoot Ebron if she did not comply with his demands (she did comply). That Gooden might have lacked any intent to shoot Ebron when he arrived at her house is beside the point. Section 2A2.2 requires only that Gooden intended to harm Ebron when he pointed the pistol at her, not that he had that intent sometime before then. Nor does it matter that Gooden did not actually pull the trigger. The whole point of an enhancement for assault with a dangerous weapon (unlike, say, an enhancement for attempted or actual murder) is that the defendant does not have to pull the trigger for the enhancement to apply. *See* U.S.S.G. § 2A2.2(b)(2)(C); *United States v. Farrow*, 198 F.3d 179, 194 (6th Cir. 1999).

The district court's judgment is affirmed.